10-2476-ag
Liu v. Holder

BIA
Schoppert, IJ
A099 034 766

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand eleven.

PRESENT:
            JOSEPH M. MCLAUGHLIN,
            GUIDO CALABRESI,
            RICHARD C. WESLEY,
                  *Circuit Judges.*
_____

YI MEI LIU
            *Petitioner,*

            v.                                    10-2476-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Yi Mei Liu, *pro se*, Brooklyn, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Lauren E. Fascett, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yi Mei Liu, a native and citizen of the People's Republic of China, seeks review of a May 27, 2010, order of the BIA, affirming the September 11, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Mei Liu*, No. A099 034 766 (B.I.A. May 27, 2010), *aff'g* No. A099 034 766 (Immig. Ct. N.Y. City Sept. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications, such as this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Liu not credible, the IJ relied in part on her demeanor, noting that she testified "in a somewhat rote manner," her testimony "at times . . . closely track[ed her] written statement," and "she did not . . . appear to be testifying from her memory of actual events through which she had lived but, rather, from a script." Because the IJ was in the best position to observe Liu's manner while testifying, we accord his demeanor finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Moreover, because the IJ identified other reasons to doubt Liu's credibility, we may confidently rely on the IJ's demeanor finding. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

In finding Liu not credible, the agency also reasonably relied on the fact that Liu's testimony before the IJ was inconsistent with her testimony during her credible fear interview. *See Diallo v. Gonzales*, 445 F.3d 624, 632-33 (2d Cir. 2006). The summary of Liu's credible fear interview reflects that her employer accused her of distributing Falun Gong material even though Liu, as a Buddhist, had neither an understanding of, nor an interest in, Falun Gong. She testified, in contrast, that she supported Falun Gong in China by telling people of the benefits of its practice, which resulted in her arrest, detention, and beating by village cadres.

We have cautioned that when discrepancies arise from an applicant's statements in an airport or credible fear interview, the agency must closely examine the record of the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004). Here, the IJ assessed the probative value of Liu's credible fear interview, noting that Liu acknowledged

4

that she had testified falsely under oath that she had no interest in Falun Gong. In addition, in her asylum application, Liu expressly conceded the inconsistencies between her original statement and her revised account. Because Liu acknowledged the discrepancy, our concerns regarding the agency's reliance on the summary of the credible fear interview are ameliorated. *See Diallo*, 445 F.3d at 633 & n.3.

Although Liu explained that she lied during her credible fear interview because the smuggler instructed her to do so, the agency was not required to credit the explanation. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6, 399 n.8 (2d Cir. 2005) (per curiam); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Accordingly, given the material differences between Liu's original statement and her testimony, as well as the demeanor finding, substantial evidence supports the agency's determination that Liu's testimony was not credible. *See Yun-Zui Guan*, 432 F.3d at 400.

The agency further found that even if it accepted Liu's testimony that she had begun practicing Falun Gong in the United States, she failed to demonstrate a well-founded fear of persecution. We have explained that absent evidence of

5

past persecution "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam). As the IJ noted, Liu testified that she practiced Falun Gong only at home alone and that she would not continue to practice Falun Gong in China. Accordingly, Liu failed to demonstrate a well-founded fear of persecution on account of her practice of Falun Gong in the United States. *See id.* at 142-43. Because the adverse credibility determination is dispositive of Liu's claim of past persecution, and because she failed to demonstrate a well-founded fear of future persecution, the agency's denial of asylum and withholding of removal was reasonable. *See Delgado v. Mukasey*, 508 F.3d 702, 705 (2d Cir. 2007) (recognizing that the standard for withholding of removal is higher than that for asylum).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk